UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| AMERICAN PACKING AND CRATING OF GA, LLC, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-256 |
| RESIN PARTNERS, INC. a Subsidiary of KETER PLASTICS, LTD., an Israeli Corporation d/b/a KETER NORTH AMERICA, | ) ) ) ) ) ) | |
| Defendant. | ) | |

# **ORDER**

In this breach of contract case, plaintiff American Packing and Crating of Georgia, LLC ("API") contends that Defendant Resin Partners, Inc. failed to pay three invoices for shipping, warehousing, and logistics services that APC provided to Resin. Doc. 1 at 2-3. Resin moves to dismiss, claiming that API (1) knowingly "sued the wrong party," and (2) "failed to properly plead the necessary information to satisfy the requirements of diversity jurisdiction." Doc. 11 at 2. That motion is before the district judge.

Before the undersigned is Resin's motion to stay discovery pending resolution of its dismissal motion. Doc. 12. API's Complaint, it says, "has significant and fatal deficiencies," and, "[i]f granted, [Resin's] motion [to dismiss] resolve[s] the claims asserted against [it] in their entirety." Doc. 13 at 3. Hence, it wants the stay to avoid "costly and time consuming discovery which will include multiple depositions many of which will require significant travel." *Id.* at 2. API disagrees, insisting that it sued the right debtor and adequately pleaded diversity jurisdiction. *See* doc. 15.

Long has the Eleventh Circuit recognized that:

> [f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true. *See Mitchell v. Duval County Sch. Bd.*, 107 F.3d 837, 838 n. 1 (11th Cir. 1997) (*per curiam*). Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion. *See Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997); *see also SP Frederica, LLC v. Glynn Cty.*, 2015 WL 5242830 at * 2 (S.D.

2

Ga. Sept. 8, 2015) (discovery in mandamus action against municipality stayed pending resolution of nonfrivolous motion to dismiss).

> As many courts have noted, however, "*Chudasama* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Alexander v. Allen*, 2014 WL 3887476 at * 1 (M.D. Fla. Aug.7, 2014) (citations and internal quotations omitted); *accord Jones v. Bank of America Corp.*, 2013 WL 5657700 at * 2 (M.D. Ga. Oct.15, 2013) ("nothing in *Chudasama* . . . means discovery should be stayed as a matter of course whenever a defendant files a motion to dismiss."); *Reilley v. Amy's Kitchen, Inc.*, 2013 WL 3929709 at * 1 (S.D. Fla. July 31, 2013) ("there is no general rule that discovery be stayed while a pending motion to dismiss is resolved.").

*S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, 2014 WL 5644089 at * 1 (S.D. Ga. Nov. 4, 2014). Consequently, when a party seeks a stay pending resolution of a motion to dismiss, a "court must take a 'preliminary peek' at a dispositive motion to assess the likelihood that the motion will be granted. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); *Arriaga–Zacarias v. Lewis Taylor Farms*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008). Generally, a stay should be granted only where the motion to dismiss appears, upon preliminary review, 'to be clearly meritorious and truly case dispositive,' *Feldman*, 176 F.R.D. at

3

652–53 (emphasis added), rendering discovery a mere futile exercise." *Id.*

The Court's peek at Resin's motion to dismiss reflects that it packs insufficient punch to justify a stay.[1] As the case caption reflects, API sued Resin, a subsidiary of Keter Plastics, Ltd., which does business in the U.S. (Keter Plastics is apparently an Israeli corporation) as Keter North America. *See, e.g.*, doc. 14. Keter North America is the entity that API invoiced for its services (*see, e.g.*, doc. 1-3). So, says Resin, Keter is the entity API should have sued. Doc. 11 at 2.

API refutes that by pointing to a copy of search results from the Indiana Secretary of State's website (Keter North America/Resin is allegedly a Delaware into with its principal place of business in Indiana, *see* doc. 14 at 2), which reveal that Keter North America's "legal name" is Resin Partners, Inc.[2] *See* doc. 15-1. That, says API, is why it sued Resin. Doc. 15 at 2.

---

[1] Resin's argument that API failed to plead complete diversity holds no water. In an amended complaint, API (an LLC) alleges that all its members are diverse from Resin or Keter North America and that the amount in controversy exceeds $75,000. *See* doc. 14. The Court thus addresses in detail only Resin's argument that API sued the wrong entity.

[2] As API correctly points out, courts may take judicial notice of facts that can be readily determined from reasonably unimpeachable sources. Fed. R. Civ. P.

4

Taken as true, API's allegations about the relationship between Keter North America and Resin suggest that it may indeed have sued the proper party and, thus, that Resin's motion to dismiss is no "slam-dunk." *Southern Motors*, 2014 WL 5644089 at * 3. "Just as a plaintiff should not be able to embark on unfettered discovery by filing a defective complaint, neither should a defendant be able to halt resolution of a case every time it conceives of a Rule 12 motion." *Id*. Weighing the cost of delaying discovery against the probability that the pending motion will eliminate the need for discovery, the Court finds that, in this case, the scale tips in favor of allowing discovery to proceed. Accordingly, Resin's motion to stay discovery is **DENIED**. Doc. 12.

Meanwhile, the Court reminds the parties of their Fed. R. Civ. P. 26(f) obligations. Originally, they had to confer and develop a discovery plan within 45 days of Resin filing its motion to dismiss (December 3, 2015), *see* doc. 3 at 1, which means they should have conferred no later than January 18, 2016. They then had to file a Rule 26(f) report no later than February 1, 2016. *See id*. Given the motion to stay, however, the

---

201(b)(2). Nevertheless, in the case of publically available documents like corporate filings, the Court may only take judicial notice of what the documents contain, not the truth of their contents. *See Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 642 n. 1 (11th Cir. 2010).

5

Court extends the conference deadline until 14 days after the date this Order is served. The parties' Rule 26(f) report is due seven days thereafter.

**SO ORDERED**, this  1st  day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA