# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| AMERICAN PACKING AND CRATING OF GA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV415-256 |
| | ) | |
| RESIN PARTNERS, INC., a subsidiary of **KETER PLASTICS, LTD.**, an Israeli Corporation, d/b/a **KETER NORTH AMERICA**; **KETER NORTH AMERICA, INC.**; and **KETER NORTH AMERICA, LLC**, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Plaintiff American Packing and Crating of GA, LLC sued defendants Resin Partners, Inc. d/b/a Keter North America ("Resin Partners"), Keter North America, Inc. ("Keter Inc."), and Keter North America, LLC ("Keter LLC") for payment on three outstanding invoices for services rendered. Doc. 1 (alleging breach of contract and suit on an open account relating to "shipping, warehousing and logistics" services). Though the Court denied defendants' motion to dismiss the second amended complaint, doc. 36, and plaintiff filed a third amended complaint, doc. 33, defendants failed to timely file an answer. *See* doc.

39 (filed more than 14 days after the Court's denial of defendant's motion to dismiss); Fed. R. Civ P. 12(a)(4)(A). Plaintiff requested that the Clerk enter default against defendants, doc. 37, and filed a motion to compel defendants to respond to propounded discovery, doc. 38. Defendants have since opposed the request for entry of default but have not opposed plaintiff's motion to compel, which is pending before the undersigned.[1]

## A. MOTION TO COMPEL

Because defendants failed to respond to plaintiff's motion to compel, the motion is deemed unopposed under Local Rule 7.5 (no response means no opposition). Accordingly, plaintiff's motion to compel (doc. 38) is **GRANTED**. Defendants must respond to plaintiff's written discovery requests within 21 days after the date this Order is served.

Plaintiff does not seek Rule 37 sanctions for defendants' failure to

---

[1] In defendants' response to plaintiff's outstanding motion for default, they represent that their failure to timely file an answer to the second amended complaint was due to counsel's email "spam filter" miscategorizing the Court's CM/ECF report on the Court's Order denying their motion to dismiss the second amended complaint. Doc. 40 at 2. So, having been made aware of this oversight, defendants "filed their Answer and Affirmative Defenses contemporaneously with the response." *Id.* Despite that defendants were now clearly aware of the updated docket, no opposition to plaintiff's pending motion was filed.

respond but requests "reasonable expenses" in bringing its motion. Doc. 38. Payment of expenses (including attorney's fees), however, typically follows "after giving an opportunity to be heard." Fed. R. Civ. P. 37(a)(5)(A). Only if: (1) "the movant filed the motion before attempting in good faith to obtain the . . . discovery without court action;" (2) the failure to respond was justified; or (3) "other circumstances make an award of expenses unjust," may a court decline to award expenses to a prevailing party. *Id.*

None of those exceptions apply here, and defendants had their chance to be heard. Consequently, the Court **ORDERS** that defendants pay plaintiff's "reasonable expenses incurred in making" its motion to compel, "including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Within 14 days, the parties are **DIRECTED** to confer and make a good faith effort to resolve this issue. Should the parties be unable to reach an understanding, the plaintiff may submit an itemized list of expenses and fees so the Court can issue an expense award. Defendants will then have 10 days thereafter to contest plaintiffs' itemization.

## B.    ENTRY OF DEFAULT UNDER RULE 55(A)

When a request for clerk's entry of default is properly supported,

the Clerk of Court is *without discretion* in granting a request for entry

of default.   *See* Fed. R. Civ. P. 55(a) (when a party "fail[s] to plead or

otherwise defend, and that failure is shown by affidavit or otherwise,

the clerk *must* enter the party's default") (emphasis added).   Plaintiff's

request[2] for entry of default, doc. 37, supported by an accompanying

affidavit and filed after defendants failed to timely file an answer to the

second amended complaint or a responsive pleading to the third

amended complaint, should have been granted by the Clerk upon filing.

Fed. R. Civ. P. 55(a).

A few weeks after plaintiff filed its request for a Clerk's entry of

default under Fed. R. Civ. P. 55(a), defendants filed their (untimely)

answer to the amended complaint and opposition to plaintiff's request.

Docs. 39, 40.   Their delay in doing so, they explained, was caused by

their computer/email erroneously "spam filtering" this Court's dismissal

ruling.   Doc. 40 at 2.   Construing their opposition as a motion to set

---

[2]   Plaintiff's "request" was improperly docketed as a "motion," apparently because of
a docketing error by counsel or counsel's staff.   *See* doc. 37.

aside the entry of default,[3] the Court finds that the delay from September 23, 2016 (when the motion to dismiss was decided) to October 31, 2016 (when defendants filed their answer to the amended complaint, apparently in response to plaintiff's request for entry of default) meets the "good cause" requirement[4] of Fed. R. Civ. P. 55(c) for setting aside entry of default. In assessing "good cause," courts commonly consider, among other things, whether the default was culpable or willful, whether the defaulting party presents a meritorious defense, whether setting aside a default would prejudice the adversary, and whether the defaulting party acted promptly to correct the default. *Wortham v. Brown*, 2015 WL 2152826 at *1 (S.D. Ga. May 7, 2015) (citing *Compania Interamericana Exp.-Imp., S.A. v. Compania*

---

[3] Defendants appear to misapprehend the distinction between an entry of default by the Clerk of Court under Fed. R. Civ. P. 55(a) and a default judgment by the district judge under Fed. R. Civ. P. 55(b). *See* doc. 40 at 3-5. One is an administrative determination that a party has failed to timely plead or otherwise defend their case, the other a final, substantive decision that is outcome determinative. The only request filed thus far is a request for entry of default, which is a predicate to entry of default judgment, but does not mean that default judgment has been entered.

[4] Fed. R. Civ. P. 55(c) applies a "good cause" standard for the setting aside of an entry of default, as opposed to the more exacting "excusable neglect" standard. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1339 (11th Cir. 2014); *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) ("The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default.").

*Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Dierschke v. O'Cheskey*, 975 F.2d 181, 184 (5th Cir. 1992)). There is "a strong preference that cases be heard on the merits . . . to afford a litigant his or her day in court, if possible." *Perez*, 774 F.3d at 1342; *Fla. Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("defaults are seen with disfavor because of the strong policy of determining cases on their merits"). Where default was caused by counsel's oversight, the court looks to whether counsel's conduct appears to be "willful or contumacious" or in keeping with a pattern of delay or willful conduct. *See Perez*, 774 F.3d at 1338.

Here, while plaintiff represents that defendants have engaged in an ongoing pattern of delay tactics, *see* doc. 42, defendants' conduct in failing to file a timely answer to the amended complaint does not appear to have been willful or contumacious. *Wortham*, 2015 WL 2152826 at *3. The record does not reflect an overall pattern of delay or willful conduct by defendants, as they have been actively litigating their case. Further, the record suggests that counsel, and not defendants themselves, were responsible for the failure to answer the amended complaint. *Id.* "While this Court takes seriously the

obligations of parties and their counsel to read and know the procedural

rules applicable to the forums in which they litigate . . . [defendants']

failure to answer [the amended complaint] within the required time

period was not culpable or willful under the less rigorous Rule 55(c)

good cause standard." *Id*.[5]

Plaintiff argues that defendants have not demonstrated a

meritorious defense, but defendants' defense -- that plaintiff failed to

provide the services promised and bargained for and thus breached the

agreements at issue, *see* doc. 39 -- "would be a potentially meritorious

defense" to the allegations of the amended complaint. *Wortham*, 2015

WL 2015 WL 2152826 at *3. A "proposed meritorious defense" is

enough under the Rule 55(c) "good cause" standard. *Id.* And because

the Court finds that defendants have presented at least a "proposed

meritorious defense," plaintiff has not established that it "would be

---

[5] In further support of defendants' assertion that the error was not willful, counsel states that he acted quickly and filed a motion seeking to avoid the entry of default and to file an answer to the counterclaim as soon as the issue was brought to his attention. *See Compania Interamericana*, 88 F.3d at 951 (citing "whether the defaulting party acted promptly to correct the default" as another factor relevant to the Rule 55(c) good cause analysis). Though the opposition was not filed until 17 days after the request for entry of default was filed, this appears to have been driven by plaintiff's counsel's categorization of the request as a "motion" when uploading it to CM/ECF, triggering the creation of a two-week response deadline. *See* doc. 37. Defendants timely responded by the deadline set forth on the docket entry.

prejudiced merely because of the expenses of the continuing litigation" or the "simple delay that attends in setting aside entry of default." *Id.* at * 4.

## C.    CONCLUSION

In sum, because the factors relevant to the Rule 55(c) good cause analysis weigh in favor of setting aside the default and allowing the case to proceed on the merits, plaintiff's motion for entry of default is **DENIED** as moot.  Doc. 37.

Further, plaintiff's unopposed motion to compel is **GRANTED**. Doc. 38.  Defendants have 21 days from the date this Order is served to respond to *all* of plaintiff's discovery requests.   Defendants also must pay plaintiff's reasonable motion-to-compel expenses -- the amount to be resolved as directed above.

**SO ORDERED,** this __1st__ day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA